**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

LAURE ANTHONY, ET AL.                          CIVIL ACTION NO.  6:21-1484

VERSUS                                         CHIEF JUDGE S. MAURICE HICKS, JR.

PROGRESSIVE COUNTY MUTUAL          MAGISTRATE JUDGE PATRICK J. HANNA
INSURANCE CO, ET AL.

**MEMORANDUM RULING**

Before the Court is Plaintiff, Laure Anthony's ("Ms. Anthony"), Motion for Partial Summary Judgment.  See Record Document 17.  This Motion asks the Court to find that Defendant, Herminio Cervantes ("Mr. Cervantes"), is at fault and solely liable for the vehicle collision that forms the basis of this matter.  See id.

**I.      Factual and Procedural Background**

This case stems from a car accident in which the Plaintiffs, Ms. Anthony and Mr. Braylon Hill, allege that Defendant, Mr. Cervantes, caused an accident by failing to yield the right of way.  See Record Document 1-6.  This matter was originally filed in Louisiana state court but was then removed to federal court.  See Record Document 1.  Plaintiffs have brought their claims against several defendants, namely: Mr. Cervantes, Mr. Cervantes's alleged employer Versabucket LLC, and alleged insurers Progressive County Mutual Insurance Company and State Farm Fire and Casualty Company.  See Record Document 1-6. Ms. Anthony moved for summary judgment on the issue of liability alone, arguing that the Court should grant summary judgment and find that Mr. Cervantes was solely at fault for the collision.  See Record Document 17.  The Court's Notice of Motion Setting gave fourteen days for any party to file an opposition, but no opposition was filed.  See Record Document 18.

## II.    Legal Standard

Summary judgment is appropriate where one party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The key question in this analysis is whether the evidence on record "is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).   The party seeking summary judgment bears the burden of proving that there are no genuine issues of material fact to be resolved at trial.  See Bustos v. Martini Club Inc., 599 F.3d 456, 468 (5th Cir. 2010).  If the moving party meets this initial threshold, then "the burden shifts to the nonmoving party to produce evidence that a genuine issue of material fact exists for trial."  Id.  During this analysis, courts must "view the facts in the light most favorable to…the nonmoving party."  City and Cty. of San Francisco v. Sheehan, 575 U.S. 600, 603 (2015).  Further, "all justifiable inferences are to be drawn" in favor of the nonmoving party.  Anderson, 477 U.S. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

"A motion for summary judgment cannot be granted simply because there is no opposition."  Hibernia Nat. Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted).  However, where a party "fails to properly address another party's assertion of fact" the court can "consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).[1]  Here, the Court construes the facts

---

[1] See also Local Rule LR56.2, which provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed

asserted in Ms. Anthony's Statement of Uncontested Material Facts and Affidavit as undisputed as the Motion is unopposed.  Thus, the sole question is whether, given the undisputed facts found in the Motion for Summary Judgment, there is any genuine issue of material fact which would preclude summary judgment as to the issue of liability.

### III.    Application and Analysis

A federal court exercising diversity jurisdiction must apply the substantive law of the state.  See Howe ex rel. Howe v. Scottsdale Ins. Co., 204 F.3d 624, 627 (5th Cir. 2000) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).  If a state's Supreme Court has not ruled on the issue, then a Court must "make an 'Erie guess' and 'determine as best it can'" what the state Supreme Court would do.  Howe, 204 F.3d at 627 (quoting Krieser v. Hobbs, 166 F.3d 736, 738 (5th Cir. 1999)).  Courts should use "decisions of the intermediate state courts" as "guidance," even if these are not controlling.  Matheny v. Glen Falls Ins. Co., 152 F.3d 348, 354 (5th Cir. 1998) (citation omitted).

In Louisiana, "the driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building…shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard."  La. R.S. 32:124.  While there is no clear Louisiana Supreme Court precedent on this issue directly, intermediate Louisiana courts have repeatedly found that "the driver entering a highway has the *primary duty* to avoid a collision" and is required to show an "*[u]nusual, extreme, and high care* toward favored traffic."  Walley v. Vargas, 104 So.3d 93, 105 (La. Ct. App. 2012) (emphasis in original); see also Griffin v. City of Monroe, 61 So.3d 846, 850 (La. Ct. App.

---

admitted, for purposes of the motion, unless controverted as required by
this rule.

2011) (stating that the driver entering the highway has a "high duty which requires the entering driver to use every reasonable means available to make sure that he can safely enter the highway"); <u>Wells v. Allstate Ins. Co.</u>, 510 So.2d 763, 767 (La. Ct. App. 1987), *writ denied* 514 So.2d 463 (La. 1987); <u>Travelers Ins. Co. v. Harris</u>, 294 So.2d 588, 590-91 (La. Ct. App. 1974).  Part of this enhanced duty is to "keep a lookout for vehicles on the highway." <u>Griffin</u>, 61 So.3d at 850.  As to the requirement to look for vehicles on the highway, "[l]ooking but not seeing what should be seen is tantamount to not looking at all." <u>Id.</u>

Intermediate Louisiana courts have also repeatedly found that drivers on the favored street owe only "ordinary care, and…may rely on the assumption or presumption that those vehicles entering the roadway from less-favored positions such as a private drive will not drive into the path of favored traffic."  <u>Walley</u>, 104 So.3d at 105; <u>see also</u> <u>Corvers v. Acme Truck Lines</u>, 673 So.2d 1088, 1090 (La. Ct. App. 1996); <u>Valin v. Barnes</u>, 550 So.2d 352, 355 (La. Ct. App. 1989) *(*quotation omitted), *writ denied* 552 So.2d 399 (La. 1989); <u>Davis v. Galilee Baptist Church</u>, 486 So.2d 1021, 1024 (La. Ct. App. 1986). This presumption is not absolute, however, and can be rebutted by evidence of substandard conduct.  <u>See</u> <u>Walley</u>, 104 So.3d at 105.

Here, the undisputed facts established in Ms. Anthony's affidavit establish that Mr. Cervantes is liable for the accident under Louisiana law.  Ms. Anthony states that on April 10, 2020, she was a passenger in a Chevy Silverado being driven by her husband on Petroleum Parkway.  <u>See</u> Record Document 17-3, ¶¶2-3.  Ms. Anthony further states that her husband was driving lawfully, completely within their travel lane and "at or below the speed limit." <u>Id.</u>, ¶4.  Finally, Ms. Anthony states that Mr. Cervantes "failed to yield to the

right of way" but rather caused the vehicle collision by pulling out of a parking lot into the travel lane of the vehicle Ms. Anthony was in. Id., ¶¶5-6.  When applied to Louisiana law, these facts establish that Mr. Cervantes failed to exercise the high duty of care required of drivers entering a highway by failing to yield the right of way.  As such, there is no genuine factual dispute regarding Mr. Cervantes's liability, and summary judgment on this issue is appropriate.

### IV.     Conclusion

For the foregoing reasons, the Motion for Summary Judgment (Record Document 17) is hereby **GRANTED**, and the Court hereby finds that Defendant, Mr. Cervantes, is solely at fault for the vehicle accident in this case.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 14th day of July, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT